IGNACIO FLORES LORENZO, Petitioner and Appellee, *v.* BOARD OF EXAMINERS OF ENGINEERS, ETC., Respondent and Appellant.

No. 4840. Argued June 7, 1929—Decided February 14, 1930.

*James R. Beverley, Attorney General,* and *Felipe Janer, Assistant Attorney General,* for appellant. *José Sabater,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

From the opinion of the court below it appears that the following facts were proved: That the petitioner had been practicing his profession of architect for more than twenty years previous to the 26th of April, 1927, when Act No. 31 was approved; that the said petitioner presented to the board a sworn application in accordance with said law, and that the board refused to issue the license. The court then decided, as the petitioner had complied with all the requirements of the law and made a sworn declaration, that a private letter from Guillermo Esteves, as President of the Board of Engineers of Porto Rico, was not the contrary evidence that the law required. The particular section of the law is set forth in *Llovet* v. *Board of Examiners,* etc., *ante,* p. 560. The court therefore held that as no proof to the contrary appeared, the board was bound to issue the license.

The appellant assigned error, inasmuch as it maintained that the court was mistaken in saying that no evidence was before the board other than the letter from Mr. Esteves.

We agree with the appellee that the appellant did not in its brief make it clear to this court in what way evidence to the contrary appeared from the application of the petitioner himself. We are not referred to any pages of the record, or specifically shown in any way how the proof to the contrary resulted from the application of the petitioner himself. In this case the appellee admits that it would be possible to bring

evidence to show that a particular petitioner did not have the requirements necessary. It was not done in this case. The appellant does not convince us that any substantial error was made in this case and, therefore, following the cases of *Ramón Llovet Díaz* v. *Board of Examiners,* etc, *ante,* p. 560; *Luis S. Arán Zuzuarregui* v. *Board,* etc., *ante,* p. 565, and *Rafael A. González* v. *Board,* etc., *ante,* p. 566, the judgment appealed from should be affirmed.